13-2387
Zhu v. Holder

BIA
Segal, IJ
A200 836 072

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fourteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge,*
        DENNY CHIN,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

TONG ZHU,
        *Petitioner,*

        v.                                          13-2387
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael A. O. Brown, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Yedidya Cohen, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tong Zhu, a native and citizen of China, seeks review of a May 28, 2013, order of the BIA, affirming the January 5, 2012, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tong Zhu*, No. A200 836 072 (B.I.A. May 28, 2013), *aff'g* No. A200 836 072 (Immig. Ct. New York City Jan. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Zhu's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to

2

whether they go "to the heart of the applicant's claim."
8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . .to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Zhu's assertions, the agency reasonably determined that he was not credible due to inconsistencies among his airport interview, application, and testimony concerning the basis of his asylum claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004). Indeed, Zhu stated during his airport interview that he feared returning to China because he was learning to cook from a chef who had been arrested for teaching an illegal religion, but indicated in his application and testimony that he left China because he suffered and feared persecution for his involvement with an underground church. While Zhu contended before the IJ that he had lied because he was afraid that the immigration officer would contact the Chinese Consulate, the IJ was not required to credit his explanation given that Zhu was not asked whether he wished to contact the Chinese Consulate

3

until after he stated his reason for seeking asylum. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Because the IJ considered and rejected Zhu's explanation, she did not err in basing her adverse credibility determination on Zhu's airport-interview statements. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005)(per curiam) (finding, under pre-REAL ID Act case law, that IJ erred in basing adverse credibility determination on inconsistencies between applicant's airport-interview statements and later testimony without first considering alien's explanations for the inconsistencies); *see also Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir. 2005). Lastly, Zhu's contention that a snakehead coerced him into making false statements during his airport interview is both unexhausted and not supported by the record, given that Zhu did not comply with the snakehead's instruction to state that he was persecuted for attending an underground church. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (recognizing that issue exhaustion is a mandatory, although not jurisdictional, requirement); *Majidi*, 430 F.3d at 80-81.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk